UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE ex rel. NANCY MURRAY, etc., ) | CASE NO. 1:10CV1367 |
| ) | |
| Plaintiff-Relator, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| THE FIDELITY AND DEPOSIT ) | |
| COMPANY OF MARYLAND, ) | |
| Defendant-Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #13) of Plaintiff, Nancy Murray, for Leave to Amend Her Complaint. For the following reasons, the Motion is granted. Plaintiff shall file her Amended Complaint on or before March 1, 2012. The Parties' Cross Motions for Summary Judgment, as well as Plaintiff's Motion (ECF DKT #22) for Leave to Submit Two Newly-Decided Authorities Pertinent to the Pending Motions are denied as moot.

**I. FACTUAL BACKGROUND**

On September 4, 2009, Plaintiff, Nancy Murray, as Class Representative, filed a Complaint in Lorain County Common Pleas Court, for money judgment and declaratory and

injunctive relief against Defendants, The Fidelity and Deposit Company of Maryland ("F & D") and The Ohio Superintendent of Financial Institutions.

In a prior lawsuit, Lorain CP No. 07-CV-152874, a judgment, in the amount of $66,625,000, was entered in favor of a class of customers of Sunset Mortgage represented by Murray, and against Sunset Mortgage for violations of the Ohio Mortgage Broker Act, particularly R.C. § 1322.062.  Murray alleges, in the second suit, that Sunset Mortgage purchased a Surety Bond from F & D, effective May 1, 2002, covering its mortgage-brokering activities in Ohio; and that the Bond covers the customers found to be injured by Sunset's violations in the prior lawsuit.  That judgment remains wholly unsatisfied.  Murray alleges the Bond obligates F & D to pay the penal sum of $420,000 toward satisfaction of the judgment.  Murray further alleges the F & D Bond is a written contract, of which Plaintiff and the class members are statutorily-intended beneficiaries.  Murray asks the Court for a declaration of the rights, status or other legal relations under the Bond; and an injunction, ordering F & D to pay the penal sum set forth in the Bond.

On or about November 13, 2009, F & D filed its Answer in Common Pleas Court.  There was no Counterclaim.  F & D's defenses include: lack of standing; the statute of limitations bar per R.C. § 1322.05(D); a contractual limitation period in the Bond; insufficient allegations to maintain a class action against F & D; insufficient allegations to support injunctive relief; limited monetary liability per the Bond; and F & D is not bound by the judgment in Lorain CP No. 07-CV-152784.

After some months of litigation in Common Pleas Court, Murray voluntarily dismissed the Ohio Superintendent of Financial Institutions as a Defendant.  The Notice of

Removal to this Court followed, on June 18, 2010.  F & D removed the action based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.  Moreover, Plaintiff is an Ohio citizen and the remaining Defendant, F & D, is a corporation, with its principal place of business in Maryland.

Plaintiff filed a Motion to Remand to State Court, arguing that federal district court lacked subject matter jurisdiction, or alternatively, that this Court should abstain, rather than intrude upon Ohio's sovereignty on a question of public concern.  On March 23, 2011, the Court denied the Motion to Remand.  The Court found it possessed jurisdiction; and declined to abstain from deciding whether a class, which in a prior action was certified under Ohio Civil Rule 23 and was awarded a judgment *qua* class, can bring a second action against its judgment-debtor's surety to collect on the judgment without seeking re-certification.

On May 15, 2011, Plaintiff filed the instant Motion for Leave to Amend Her Complaint.  Plaintiff seeks to amend the dollar amount being sought from F & D; to restate her claims consistent with the now-applicable federal pleading rules; and to add a second count, seeking re-certification of a class and judgment against the surety, F & D.  F & D contests the proposed amendment on the grounds of undue prejudice and futility.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires."  However, this liberal amendment policy is not without limits.  The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.

2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

F & D does not assert that Plaintiff brought her Motion in bad faith, without notice, or after repeated failures to cure pleading deficiencies; so, the Court need not discuss those factors.

F & D insists that Plaintiff's request is untimely. However, delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). F & D argues it is unduly prejudiced by the delay because it "has incurred substantial expense in conducting discovery and briefing dispositive motions on the claims asserted in The Plaintiff Class's original Complaint." (ECF DKT #18, p.6). F & D complains that the parties would be required to start this litigation over again, up to and including new cross-Motions for Summary Judgment. *Id.* Having considered this same argument, the Sixth Circuit counseled against denying an amendment "particularly where ... the newly asserted claim would be supported by facts set forth in the original claim." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). Writing in support of a proposed amendment, in *Morse*, 290 F.3d at 801, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend."

F & D vigorously contends that Plaintiff's Proposed Amended Complaint is futile. Pointing to Nancy Murray's responses to Interrogatories and to evidence submitted during the parties' summary judgment motion practice, F & D asserts that neither Nancy Murray nor the Plaintiff Class has standing to maintain an action against F & D on the surety bond. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing

*Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). However, the analysis suggested by F & D, of necessity, requires consideration of matters outside the pleadings. That takes the Court beyond the bounds of inquiry required by a motion to amend, and is more appropriately raised at the summary judgment stage.

On its face, the proposed Amended Complaint is not so inadequate that it fails to make a valid claim, nor is it patently barred by an affirmative defense so as to render it self-defeating.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #13) of Plaintiff, Nancy Murray, for Leave to Amend Her Complaint is granted. Plaintiff shall file the Amended Complaint on or before March 1, 2012. As a result of this Order, the Parties' Cross Motions for Summary Judgment, as well as Plaintiff's Motion (ECF DKT #22) for Leave to Submit Two Newly-Decided Authorities Pertinent to the Pending Motions are denied as moot.

**IT IS SO ORDERED.**

**DATE: February 22, 2012**

    **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**