**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY MURRAY, etc., | ) | CASE NO. 1:10CV1367 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| FIDELITY AND DEPOSIT COMPANY | ) | |
| OF MARYLAND, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

On May 14, 2008, Plaintiff, Nancy Murray, obtained a Judgment in Lorain County Common Pleas Court on behalf of herself and a class of customers of Sunset Mortgage Company, L.P., who were injured by Sunset's violations of the Ohio Mortgage Broker Act, particularly R.C. § 1322.062.

In a second state court suit, Murray alleged, on behalf of the Class, that Sunset purchased a Surety Bond from Fidelity and Deposit Company of Maryland ("F & D"), effective May 1, 2002, covering its mortgage-brokering activities in Ohio; and that the Bond covered the customers found to be injured by Sunset's violations as determined in the prior lawsuit.  Murray alleged that the Bond obligates F & D to pay the Bond's penal sum toward

satisfaction of the Judgment and that the F & D Bond is a written contract, of which Murray

and the Class Members are statutorily-intended beneficiaries.  Murray sought the Court's

declaration of the rights, status or other legal relations under the Bond and an injunction,

ordering F & D to pay the penal sum set forth in the Bond.  On June 18, 2010, that action was

removed to District Court on the basis of diversity jurisdiction.

On February 22, 2012, with prior leave of Court, Murray filed a Second Amended

Complaint, altering the dollar amount sought from F & D; restating her claims in Count One

consistent with federal pleading rules; and adding Count Two, seeking re-certification of a

class under Fed.R.Civ.P. 23 and judgment against F & D.

On August 16, 2013, the Court held that the Surety Bond was intended to be, and is, a

continuous bond, not subject to any aggregation of liability from year to year.  The Court

further determined that F & D's liability, for any and all of Sunset's violations that occurred

during the five-year period the Bond was in force, is limited to $150,000.00.  (ECF DKT

#42).   On September 13, 2013, the Court denied Murray's request for an interlocutory

appeal; and on August 26, 2014, the Court denied Murray's Motion for Reconsideration of

the Dollar Amount of Defendant's Potential Liability (ECF DKT #58).

In its Opinion of September 10, 2014 (ECF DKT #59), the Court decided that there is

privity between Sunset Mortgage and F & D for collateral estoppel purposes.  Moreover,

under the terms of the Surety Bond, F & D remained jointly and severally liable with Sunset,

for the benefit of any injured buyer/customer of the broker, for all relevant time periods

including the Judgment entered in Lorain County Common Pleas Court on May 14, 2008.

Furthermore, the Court found that F & D had notice of the State Court Judgment and made no

effort to intervene or otherwise protect its interests in the lawsuit involving its principal, Sunset.  Thus, the Lorain County Common Pleas Court Judgment is conclusive against F & D through the operation of collateral estoppel.  (ECF DKT #59 at 8).

In light of the Court's rulings, the parties were then ordered to show cause why judgment should not be entered in Murray's favor and against F & D on Count One of the Second Amended Complaint in the amount of no more than $150,000.00, and why Count Two, seeking certification of a federal class, should not be dismissed as moot.  The parties filed their cross-briefs in a timely manner.

The Court has carefully considered the cross-briefs and all the relevant filings and orders in this case.  First, the Court agrees with F & D's assertion (ECF DKT #62 at 4) that the certifying court has exclusive authority to determine the rights and remedies of the members of the Class.  Second, this Court finds that there is nothing further for the federal court to adjudicate.

As to Count One of the Second Amended Complaint (ECF DKT #26), the Court **declares** that Defendant, Fidelity and Deposit Company of Maryland, is liable, in an amount of no more than $150,000.00, to members of the Class certified in Lorain County Common Pleas Court Case No. 07-152784, for the Class Members' injuries caused by Sunset Mortgage Company's violations of the Ohio Mortgage Broker Act, as established after the proper Ohio Civil Procedure Rule 23 class notice, the opt-out or exclusion process, the administration of claims, and a hearing with the opportunity for all interested parties to be heard.

Further, as Plaintiff, Nancy Murray, on behalf of herself and the Class, concedes: "And, on the entry of a final judgment on Count One, Count Two should be dismissed as

moot since '[t]he claim asserted in the Second Count is quite clearly pled in the alternative to the primary claim, which is asserted in the First Count.'" (ECF DKT #61). Therefore, Count Two of the Second Amended Complaint is dismissed as moot.

**IT IS SO ORDERED.**

<div style="margin-left: 40%">

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

</div>

**Dated: April 23, 2015**